ALBERT COOPER *vs.* DAVID T. PAGE.

*Deed.   Pleading.   Real Action.*

A deed signed in blank may be  avoided when the blanks are filled by one not duly authorized, as against a grantee with full knowledge of the facts.
In a real action, the plea of the general issue admits the  tenant to be in possession of the premises demanded.

ON REPORT.

WRIT OF ENTRY for a lot of land in Hallowell.   The tenant did

not disclaim, but set up a title derived by deed from the demandant, as stated in the opinion. It is, perhaps, proper to add that the plaintiff's name was inserted by Mr. Stinchfield in the covenants of warranty, as well as in the other blank spaces; and that Mr. Page never took actual possession of the premises, nor exercised any control over them, but claimed to hold the title for his security, and was ready to re-convey on payment of the sum due him.

*A. Libbey,* for the demandant, cited *Chase v. Palmer,* 29 Ill., 306; *Burns v. Lynde,* 6 Allen, 305; *Basford v. Pearson,* 9 Allen, 387.

*L. Clay,* for the tenant.

APPLETON, C. J. This is a writ of entry to which the general issue was pleaded.

The plaintiff residing in Callao, South America, having the title to the demanded premises, sent the deed, under which the tenant claims, to his mother, with a blank for the name of the grantee, authorizing her by letter, to insert the name of a grantee, if she should have occasion to use said deed to enable her and her husband to provide a home for themselves and family. The defendant being employed by Henry Cooper, the father of the plaintiff, to furnish materials and make repairs on the dwelling occupied by the family, the blank in the deed was filled up by A. G. Stinchfield, in the presence of the defendant, and the deed was delivered to him by said Henry Cooper, who represented that he was authorized so to do by the plaintiff. The question presented is, whether defendant has acquired a title to the premises described in this deed.

There is no evidence whatever that Stinchfield had any authority to insert the name of any one as grantee—or that Henry Cooper was authorized to deliver the same. There is no proof of knowledge of, or assent to, what was done, on the part of Mrs. Cooper, to whom the deed was sent by her son, and who, if any one, was alone empowered by him to fill the blanks therein. The

blanks were filled in the presence of the tenant, by the insertion of his name. He took the deed with notice of its infirmity. If the person filling the blanks, or the one making the delivery, had any authority so to do, it should have been shown. Nothing in the case indicates precedent authority, or ratification on the part of the demandant. The case is not, therefore, within the rule laid down in *South Berwick v. Huntress*, 53 Maine, 89, and there is no defence.

The defendant instead of disclaiming, has filed the general issue which admits him to be tenant of the freehold. He cannot, therefore, under the pleadings, controvert that fact.

*Judgment for the demandant.*

CUTTING, WALTON, DICKERSON, DANFORTH and VIRGIN, JJ., concurred.